UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 00-126 (TFH) |
| | ) |
| TRACY L. PARKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons stated below, the Court will deny defendant's motion.

## I. BACKGROUND

On September 28, 2000, defendant pled guilty to Counts Two through Seven of a Superceding Indictment that was filed on June 29, 2000. *See* Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 for Relief ("Def.'s Mot.") at 1-2. On August 3, 2001, the Court imposed a sentence amounting to 228 months' imprisonment. *Id.* at 2. Defendant did not file an appeal. *See id.* at 3; Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 2. Defendant filed the instant motion on September 22, 2004.

1

## II. DISCUSSION

### A. *Defendant Failed to Timely File his Motion Under 28 U.S.C. § 2255.*

1. <u>Defendant did not file his motion within the one-year limitations period</u>.

In relevant part, 28 U.S.C. § 2255 provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant does not argue that the government created an impediment to his filing an appeal; that the Supreme Court newly recognized a right and made it applicable retroactively to a case on collateral review[1], or that relevant facts supporting his claim were

---

[1] To the extent that defendant relies on the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), his reliance is misplaced. The Supreme Court has held that "*Booker* is not a new rule of constitutional law 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of 28 U.S.C. § 2255." *In re Zambrano*, 433 F.3d 886, 889 (2006); *see also In re Hinton*, No. 05-3019, 2005 WL 566608 (D.C. Cir. Mar. 10, 2005) (denying motion for leave to file successive § 2255 motion on ground that Supreme Court made neither *Blakely* and *Booker* decisions applicable retroactively to cases on collateral review); *United States v. Stancell*, 346 F. Supp. 2d 204, 206 (D.D.C. 2004) (holding that *Blakely* is inapplicable to a case on collateral review).

recently discovered. Thus, for purposes of defendant's motion, only subparagraph (1) applies. Accordingly, the one-year limitation period ran from the date on which defendant's judgment of conviction became final.

In a criminal case, generally, a defendant must file his notice of appeal within ten days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A)(I). If a criminal defendant does not appeal, the judgment of conviction becomes final when the time period for filing an appeal expires ten days after entry of the judgment. *See, e.g., Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that "an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect"); *Baylor v. United States*, 314 F. Supp. 2d 47, 51 (D.D.C. 2004) (dismissing as untimely a § 2255 motion filed more than one year after issuance of amended judgment).

This Court imposed sentence on August 3, 2001, and defendant did not appeal. When the time for defendant to file an appeal expired ten days later, his conviction became final and the one-year statute of limitations began to run. Therefore, the instant motion, filed on September 22, 2004, is untimely.

2. <u>The statute of limitations is not tolled</u>.

Assuming without deciding that equitable tolling applies in § 2255 cases, such relief is warranted only in extraordinary circumstances beyond defendant's control that made it impossible for him to file a motion timely. *See United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000). A defendant who is without legal representation, sits on his rights, or is ignorant of the law does not present extraordinary circumstances. *Id.* In this case, defendant offers no reason at all for his failure to file a motion within the time limit set forth in § 2255, and the Court identifies no basis for tolling the applicable statute of limitations.

### B. *Defendant's Claim Under 18 U.S.C. § 3582(c)(2) Lacks Merit*

Defendant also seeks modification of his sentence under 18 U.S.C. § 3582(c)(2), which permits a court to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Def.'s Mot. at 23-24 & n.7 (citing 18 U.S.C. § 3582(c)(2)).

The record shows that defendant was sentenced for possession of a firearm during a drug trafficking offense (Count Five), among other offenses. *See* Judgment in a Criminal Case, Case No. 00-0126, at 2. This offense carries a mandatory minimum sentence of five years' imprisonment, and that term is served consecutively to the sentences imposed on the other counts of the Superceding Indictment. *See id.*; 18 U.S.C. § 924(c)(1)(A)(I). "If the defendant used or possessed any firearm or ammunition in connection with another felony offense[,] or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it

would be used or possessed in connection with another felony offense," the United States Sentencing Guidelines apply a specific offense characteristic, which results in an upward adjustment of four levels. U.S.S.G. § 2K2.1(b)(5) (2000). Apparently, defendant believes that there was a four-level upward adjustment for the unlawful possession of ammunition, that this upward adjustment violates Amendment 599 to the Guidelines, and that the retroactive application of Amendment 599 calls for a reduction in sentence. *See* Def.'s Mot. at 23-24. He is mistaken.

If "a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, [a] specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense" is not applied. U.S.S.G. § 2K2.4 (2000) (Application Note 2). Citing this provision, paragraph 20 of the presentence investigation report makes clear that there was no upward adjustment to account for the defendant's possession of a firearm during the commission of the offense.

### III. CONCLUSION

The Court concludes that defendant failed to timely file his motion, and that his claim under 18 U.S.C. § 3582(c)(2) is meritless. Accordingly, the Court will deny defendant's petition. An Order consistent with this Memorandum Opinion issue separately on this same date.

*[signature]*
THOMAS F. HOGAN
Chief Judge

Date: Aug 27, 2007